AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Imer Hernandez Pelico<br><br>Defendant(s) | )<br>)<br>)  Case No.  5:25-MJ-88 (ML)<br>)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 27, 2025 in the county of Jefferson in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, U.S.C., Section 1326. | Re-Entry of Removed Aliens. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒  Continued on the attached sheet.

_____
Complainant's signature
Kyle Healy, DHS Border Patrol Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: March 28, 2025

_____
Judge's signature
Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

City and State: Binghamton, NY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kyle Healy, being duly sworn, deposes and says that:

I. **Introduction**

1. I am a Border Patrol Agent with the United States Department of Homeland Security ("DHS"), Customs and Border Protection ("CBP"). I have been so employed since August 2017. As a part of my duties at CBP, I have investigated violations of the United States Code, including violations of Title 8, United States Code, Section 1326.

2. This affidavit is made in support of an application for a criminal complaint charging Hernandez Pelico, Imer Abelardo ("Hernandez Pelico") with a violation of Title 8, United States Code, Section 1326 (Re-Entry of Removed Aliens).

3. The information contained in this affidavit is based upon my investigation of this matter and on information provided by other law enforcement agents. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Hernandez Pelico illegally reentered the United States after previously being ordered removed.

II. **Investigation and Factual Basis for the Complaint**

4. On March 27, 2025, Homeland Security Investigations (HSI) encountered Hernandez Pelico in Sackets Harbor, New York while executing a warrant. Hernandez Pelico was apprehended after jumping out the back window of a dwelling and fleeing on foot to evade apprehension. Hernandez Pelico was ultimately apprehended by law enforcement after a brief

1

chase. After his apprehension, a complete set of biometrics were electronically captured from Hernandez Pelico and submitted to the Federal Bureau of Investigation ("FBI") Identification Division, and queried against DHS's Automated Biometric Identification System ("IDENT"). This query produced a positive biometric match with Imer Abelardo Hernandez Pelico, Alien number 213551686 and FBI number MKA76FPAW.

5. Enforce Alien Removal Module (EARM) records confirmed that Hernandez Pelico is a native and citizen of Guatemala and has no lawful status within the United States.

6. Subsequent records check through Federated Person Query 2 (FPQ2) internal system confirmed that, on or about February 20, 2020, Hernandez Pelico was arrested by the United States Border Patrol ("USBP") in Rio Grande Valley, Texas. After his arrest, he was served a Notice and Order of Expedited Removal, ordering him removed to Guatemala.

7. On or about February 28, 2020, Hernandez Pelico was physically removed from the United States at the Valley International Airport.

8. At no point between his removal on February 28, 2020, and the date he was found in the United States, did Hernandez Pelico obtain the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, to lawfully reenter the United States.

9. After being encountered by law enforcement on March 27, 2025, Hernandez Pelico was advised his *Miranda* rights, knowingly waived those rights, and was willing to give a sworn statement to law enforcement. As part of his statement, Hernandez Pelico provided his true and correct name of Imer Abelardo Hernandez Pelico and confirmed that he is and always has been a citizen of Guatemala. Hernandez Pelico also admitted walking into the United State illegally

through Texas in 2024. Hernandez Pelico acknowledged that he knew it was illegal to cross the border because he was already removed before. Hernandez Pelico heard that the United States is removing aliens that cross the border illegally.

### III. Conclusion

10. Based upon the above information, there is probable cause to believe that Hernandez Pelico has violated Title 8, United States Code, Section 1326 (Re-Entry of Removed Aliens).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
Kyle Healy, Border Patrol Agent
U.S. Department of Homeland Security

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on March 28, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Miroslav Lovric
United States Magistrate Judge